IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DIEDRE FRAZIER<br><br>    Plaintiff,<br><br>v.<br><br>D & S COMMERCIAL PAINT, LLC and SENECA DAVIS<br><br>    Defendants. | Civil Action No.: 4:21-cv-39-WMR<br><br>**Jury Trial Demanded** |

# COMPLAINT

COMES NOW Plaintiff, Diedre Frazier by and through his undersigned counsel, files this lawsuit against Defendants D & S Commercial Paint, LLC and Seneca Davis. on behalf of himself and similarly situated employees, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended, for overtime violations.

## I. JURISDICTION AND VENUE

1

1. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1332, 1337, 1338, 1343(a) (4) 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as both Defendants are foreign corporations who conduct business in this District and as a substantial part of the events or omissions giving rise to the claims that occurred in this District.

3. Plaintiff asserts state based claims under the supplemental jurisdiction of this court, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under the laws of the State of Georgia.  Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2003-5(g).

## II.  STATEMENT OF CLAIMS

4. The instant lawsuit is for relief for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended.

## III.  PARTIES

5. Plaintiff Diedre Frazier (hereinafter "Plaintiff" or "Ms. Frazier") is a resident of Walton County, Georgia.

6. Ms. Frazier was jointly employed by Defendants, D & S Commercial Paint, LLC and Seneca Davis. (hereinafter "Defendants").

7. Plaintiff is covered by §§ 203, and 207 of the FLSA for the period in which they were employed by Defendants.

8. Defendant D & S Commercial Paint, LLC is a domestic corporation with its principal place of business in 300 Arbor Creek Drive Dallas, GA 30157, Paulding County, (within this District).

9. Defendant Seneca Davis. is the Owner of D & S Commercial Paint, LLC and his principal place of business is 300 Arbor Creek Drive Dallas, GA 30157.

10. Defendants conduct business within this State and District, and at all times relevant to this lawsuit are private business entities that manage employees, such as Plaintiffs.  As such, Defendants are to subject the jurisdiction of this Court.  Both Defendants may be served process to their registered agent, Corie Philpott- Davis., 300 Arbor Creek Drive Dallas, GA 30157.

11. Defendants are employers as defined by § 203(d) of the FLSA.  Defendants are subject to the provisions of the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Georgia.

12. Ms. Frazier was, at all times relevant to this action, an "employee" of the Defendants as defined at § 203(e)(1) of the FLSA, and is entitled to the protections provided thereunder.

13. Defendants were provided an opportunity to resolve the concerns described herein prior to the filing of this lawsuit.

## IV.  GENERAL ALLEGATIONS

14. Ms.  Frazier has been employed by Defendants' as a Painter at their business in Dallas, Georgia.

15. Ms.  Frazier was paid an hourly rate of $17.00 on a weekly pay schedule.

16. During Ms.  Frazier's first week of employment with Defendants' company, she worked 26 hours but was only paid for 25 hours.

17. During her second week, she worked 39 hours but was only paid for 15 hours.

18. During her final week, she worked 2 hours, but was not paid anything.

19. Ms. Frazier's final check should have been for $680 or 41 hours to compensate her for 41 hours of unpaid wages, however Defendants only paid her for $255.00, which merely accounted for 15 of the hours.

20. Defendants still owe Ms. Frazier for approximately 26 hours worked.

21. Defendants failure to pay Ms. Frazier for the full amount of the hours she worked and minimum wages for the weeks she was not paid violates the Fair Labor Standards Act.

22. Defendants do not have a time tracking system in place to accurately record their employees' hours.

23. Defendants' failure to pay Ms Frazier the appropriate amounts on her regularly scheduled paydays violates the Fair Labor Standards Act.

24. FLSA requires employers to pay hourly employees a minimum wage $7.25 per hour. Defendant's failure to pay Ms. Frazier the full amount of her hours during the aforementioned work week, resulted in her being paid less than federally mandated minimum wage. Accordingly, Ms. Frazier is unequivocally entitled to full payment for the hours worked, and she does not qualify for any of the recognized exemptions from the protections of FLSA.

25. In total, Ms. Frazier is owed $425.00 in unpaid wages, plus liquidated damages of $425.00.

26. Ms. Frazier did not supervise any employees and had no authority to hire, fire, promote or discipline employees.

27. Ms. Frazier's work did not involve the performance of duties directly related to management or general business operations. To the extent that his work required any judgment at all, his judgment was limited to choices within set policies or guidelines.

28. Ms. Frazier was paid an hourly non-exempt rate during the entire course of her employment.

29. Prior to the filing of this lawsuit, Defendants were made aware deliberately avoided paying Ms. Frazier her full compensation earned in a timely manner. This practice is illegal under the Fair Labor Standards Act.

## V.  CAUSES OF ACTION

### COUNT ONE
### UNPAID WAGES

30. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in paragraphs 1-29, as set forth herein and states:

31. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay wage compensation to Plaintiff in accordance with §§ 203, 206 and 207 of the FLSA.

32. Plaintiff was not an exempt employee under FLSA.

33. Defendants deliberately avoided paying Ms. Frazier her full compensation earned.

34. Defendants was aware that it could not lawfully deny Plaintiff his appropriately calculated overtime wages

35. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's overtime compensation.

36. As a result of Defendants' violations of the FLSA, Plaintiff suffered damages by failing to receive a minimum wage in accordance with §§ 203, and 206 of the FLSA.

37. As a result of the unlawful acts of Defendants, Ms. Frazier was deprived of compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## COUNT TWO
## BREACH OF CONTRACT

38. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in paragraphs 1-37, as set forth herein and states:

39. Defendants breached its employment contract with Plaintiff when it agreed to pay her an hourly rate of $17.00 on a weekly pay schedule and failed to do so.

## COUNT THREE
## ATTORNEY FEES

40. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in paragraphs 1- 39, as set forth herein and states:

41. Plaintiff seeks an award of attorney's fees in this action.

42. Plaintiff also seeks to recover from Defendants the expenses of this litigation, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C §1988(b).

## PRAYER FOR RELIEF

43. Wherefore, Plaintiff prays that process is issued according to law and demands judgment against Defendants as follows:

    a. All damages that may be awarded under FLSA, and Georgia law; general compensatory damages including but not limited to damages for mental and emotional distress plus interest;

    b. Special damages;

    c. Injunctive relief preventing and prohibiting Defendants from engaging in its present practices in violation of the laws cited herein;

    d. Reasonable attorney's fees and expenses and costs pursuant to 42 U.S.C. §1988;

    e. Unpaid wages for work performed, an equal amount of liquidated damages including, reasonable attorneys' fees, litigation costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

    f. Such other and further and different relief as this court deems just and appropriate.

Respectfully submitted this 19th day of February 2021.

/S/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel./Fax 877-443-0999
alizana@attorneylizana.com

**ATTORNEY FOR PLAINTIFF**