IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **DIEDRE FRAZIER**<br><br>**Plaintiff,**<br><br>v.<br><br>**D & S COMMERCIAL PAINT, LLC and SENECA DAVIS**<br><br>**Defendants.** | Civil Action No.: 4:21-CV-00039-WMR<br><br>JURY TRIAL DEMANDED |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT ON LIABILITY AND DAMAGES**

Plaintiff Diedre Frazier files this Motion For Entry of Default Judgment as to liability and damages, pursuant to Fed. R. Civ. P. 55(b) and shows the Court as follows:

**I.  BACKGROUND**

Plaintiff, Diedre Frazier (hereinafter "Plaintiff" or "Ms. Frazier") is a former employee of Defendant, D & S Commercial Paint, LLC., and Defendant Seneca Davis (hereinafter "Defendants").

Ms. Frazier was employed as a Painter by Defendants in Dallas, Georgia. Ms. Frazier was paid an hourly rate of $17.00, on a weekly pay schedule. During Ms. Frazier's second week of employment with Defendants, she worked 39 hours but was only paid for 15 hours, equating

to an effective hourly rate of $6.53 per hour. During her final week, she worked 2 hours, but was not paid anything at all. *See Complaint* at ¶¶ 15-20 (Dckt No. 1). Defendants' failure to pay Ms. Frazier minimum wages during the second and final week of her employment violated the Fair Labor Standards Act.

In total, Defendants owe Ms. Frazier 26 hours of unpaid wages at her regular rate of $17.00 per hour, amounting to $442.00, plus the statutory liquidated damages penalties of $442.00, and payment of her reasonable attorney's fees and costs. Plaintiff's total damages sought for unpaid wages are $884.00.

On February 20, 2021 at 7:45 pm, Plaintiff served Defendant's registered agent Corie Philpot-Davis with a copy of the Summons and Complaint via in-hand service at their current business address. (Dckt Entry No. 7). On February 20, 2021 at 8:18 pm, Defendant Seneca Davis sent Plaintiff an offensive and threatening text message acknowledging receipt of the complaint. (See Dckt No. 9, Attachment to Lizana Declaration). His text message read . . . "Bitch you never work for me because u was get check stupid bitch keep suckin pussy becasue u will never get a dime from me hoe." Id.

Despite Defendant's vulgar opposition to Plaintiff's claims, Defendant failed to file an Answer to the Complaint, which was due on March 15, 2021. Accordingly, Plaintiff moved for entry of the Clerk's Default on March 16, 2021, which was entered on March 17, 2021. Plaintiff now moves this Court for entry of default judgment as to liability, and an award of unpaid wages, liquidated damages, attorney's fees and costs in an amount to be determined through a subsequent petition.

## II. LEGAL ARGUMENT

Defendants violated the Fair Labor Standards Act by failing to properly pay minimum wage compensation to Plaintiff in accordance with §§ 203, and 206 of the Act. The well-pled facts of Plaintiff's Complaint demonstrate that Defendants should be found liable for their illegal acts.

**A. Legal Standard of Rule 55(b)(2)**

A defaulted defendant is deemed to have admitted all of the plaintiff's "well-pleaded allegations of fact." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Upon a motion for default judgment, the trial court examines the legal sufficiency of the factual allegations, or whether the facts support the causes of action and provide a plausible claim for relief. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The entry of a default judgment is left to the discretion of this Court. *See Hamm v DeKalb County.*, 774 F.2d 1567, 1576 (11th Cir. 1985). As to damages, a plaintiff may submit affidavits and other evidence supporting her damages or the court may hold an evidentiary hearing. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc*., 449 F. App'x 908, 912 (11th Cir. 2011)(noting the plaintiff submitted evidence in the record to support damages requested and the trial court did not abuse its discretion in finding evidentiary hearing unnecessary). But, an evidentiary hearing is not a *per se* requirement as Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone: "The court may conduct such hearings . . . .". *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)(emphasis added). The Eleventh Circuit has held that "no such hearing is required where all essential evidence is already of record." *Id.*

**A. Defendants Violated the Fair Labor Standards Act**

The FLSA requires employers to pay covered employees a minimum hourly wage of at least $7.25 for all hours worked each week. 29 U.S.C. § 206(a)(1). To state a claim for unpaid minimum wages, Plaintiff must allege that (1) defendant employed her, (2) she is "covered" by the FLSA, and (3) Defendants paid her less than $7.25 per hour. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); *Sec'y of Labor v. Labbe,* 319 F. App'x 761, 763 (11th Cir. 2008). These pleading requirements "are quite straightforward," and a plaintiff need not put forth "overly detailed" allegations. *Labbe*, 319 F. App'x at 763–64. "There is no need to prove intent or causation that might require more extensive pleading." Id. at 763. And "[t]here is no requirement that the Plaintiff explicitly state the amount of damage." *Fresh v. Diamond Dev. & Invs. Inc*., No. 1:13-cv-2657-WSD, 2016 WL 2745836, at *5 (N.D. Ga. May 11, 2016).

Plaintiff's Complaint alleges that she was jointly employed by Defendants, D & S Commercial Paint, LLC and Seneca Davis individually, and that she is covered by §§ 203, and 206 of the FLSA for the period in which she was employed by Defendants. See Complaint at ¶¶ 6-7, 31, 36. Plaintiff alleged that Defendants D & S Commercial Paint, LLC is a domestic corporation, that Defendant Seneca Davis individually owns. *Id.* at ¶¶ 8-9. Plaintiff alleged that Defendants are employers as defined by § 203(d) of the FLSA, and that Plaintiff was, at all times relevant to this action, an "employee" of the Defendants as defined at § 203(e)(1) of the FLSA, and is entitled to the protections provided thereunder. *Id* at ¶¶ 11-12. Plaintiff also alleged that Defendants' failure to pay her for all of the hours she worked during her final two weeks of employment resulted in her being paid less than the minimum wage. *Id* at ¶¶ 15-21.

Plaintiff's pleadings in this case, which Defendants have admitted to by default, are more than sufficient to establish that Plaintiff was a covered employee who Defendant failed to pay minimum wage. As an hourly worker, she does not qualify for any of the recognized exemptions from the protections of FLSA.

### III. DAMAGES

Plaintiff seeks compensatory and liquidated damages against Defendants for violations of the Fair Labor Standards Act in the amount as shown below. In total, Plaintiff is owed unpaid wages totaling $442.00, plus the statutory liquidated damages penalties of $442.00. Having established a violation of the FLSA, Plaintiff also seeks to recover from Defendants the expenses of this litigation, including but not limited to reasonable attorney fees and costs to be determined.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests this Court to enter an order: granting default judgment in favor of Plaintiff and against Defendant; awarding Plaintiff both compensatory and liquidated damages totaling $884.00, and entitling Plaintiff to an award of attorney's fees and costs in an amount to be determined.

Respectfully submitted this 24th day of March 2021.

/s/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
alizana@attorneylizana.com

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this date I electronically filed this Certificate of Service for Plaintiff's Motion for Default Judgment on Liability and Damages using U.S. mail to:

Seneca Davis and
Corie Philpott- Davis
D & S Commercial Paint, LLC
300 Arbor Creek Drive
Dallas, GA 30157

I also hereby certify that I have mailed electronically to the Defendants listed above the document that is named in this Certificate of Service this 24th day of March 2021.

/s/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
alizana@attorneylizana.com